UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Michael Fiorito,

      Plaintiff,

Civil No. 14-845 (DWF/SER)

**REPORT AND
RECOMMENDATION**

    v.

Pat Carr, Brian Frank,
Melissa Kachmarek, Aric Hanson,
Michael Wells, and Officer Moody,

      Defendants.

_____

      Plaintiff is a federal prisoner, currently confined at the Sherburne County Jail in Elk River, Minnesota.  He commenced this action by filing a self-styled Complaint seeking relief for alleged violations of his federal constitutional rights.  (Compl.) [Docket No. 1].  Plaintiff did not tender the requisite filing fee with his Complaint, but instead filed an application for leave to proceed *in forma pauperis* ("IFP").  (Application to Proceed in District Court Without Paying Costs or Fees, "IFP Application") [Doc. No. 2].  By order dated March 31, 2014, Plaintiff was informed that his IFP Application would not be addressed, and his action could not proceed, until he (a) filed an amended IFP application with the current inmate trust account information required by 28 U.S.C. § 1915(a)(2), and (b) paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1).  (Order Dated Mar. 31, 2014) [Doc. No. 7].  Plaintiff filed a new IFP Application ("Second IFP Application"), but he has not yet paid his initial partial filing fee.

(Second IFP Application) [Doc. No. 10]. On May 19, 2014, the Court ordered Plaintiff to pay the initial partial filing fee of not less than $42.40 by no later than June 20, 2014, and advised that failure to comply would result in the Court's recommendation that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. (Order Dated May 19, 2014) [Doc. No. 11].

The deadline for paying the initial partial filing fee in this case has now passed, and Plaintiff has not tendered any fee payment, nor has he offered any excuse for his failure to do so. Therefore, in accordance with the Court's prior Order in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."); *Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Amick v. Ashlock,* 113 Fed. App'x 191, 191–92 (8th Cir. Oct. 29, 2004) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action").

Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's pending IFP applications and his Motion for a Temporary Restraining Order be denied as moot.

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED as moot**;

2. Plaintiff's Motion for a Temporary Restraining Order [Doc. No. 6] be **DENIED as moot**;

3. Plaintiff's second application to proceed *in forma pauperis* [Doc. No. 10] be **DENIED as moot**; and

4. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 18, 2014

*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 2, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

CASE 0:14-cv-00845-DWF-SER   Document 12   Filed 06/18/14   Page 4 of 4